IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-3830 |
| | § | |
| THEOLA ROBINSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In this declaratory judgment suit, a liability insurer, Colony Insurance Company, seeks a ruling that it has no duty to defend or indemnify its insured, Theola Robinson, for a lawsuit filed against her and related defendants arising out of an automobile accident. Colony relies on the automobile exclusion in the policy. For the reasons stated below, this court grants Colony's motion for summary judgment, holding that as a matter of law, there is neither a duty to defend nor to indemnify Robinson and the related defendants. This court also enters a default judgment against those related corporate defendants, Benji Charter School, Benji's Special Education Academy Independent School District, and Benji's Special Education Academy, which have failed to comply with this court's order that they must have counsel appear on their behalf by July 13, 2010, or face default. The reasons are stated in detail below.

**I.     Background**

Colony issued a general liability policy, GL3275809, with effective dates between March 9, 2007 to March 9, 2008, to Robinson. The policy endorsements included an "absolute auto exclusion." The exclusion states, in pertinent part, that "bodily injury . . . arising out of or resulting

from the ownership, maintenance, use or entrustment to others any . . . 'auto'. . . . Use includes operation. . . . This exclusion applies even if claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' . . . involved the ownership, maintenance, use, or entrustment to others of any . . . 'auto.'"  (Docket Entry No. 16, Ex. 1).

The underlying state-court lawsuit is styled *Lavera A. Fransau Templeton, individually and anf of T.L.K. and D.K., minor children, v. Verna Elaine Samuels, Benji's Special Educational Academy aka BSEA ISD aka Benji's Academy, Inc., Benji's Special Educational Academy Independent School District, and the City of Houston*, Cause No. 2009-60349, pending in the 151st Judicial District of Harris County, Texas.  The lawsuit alleged that the underlying plaintiff's child, T.L.K., was hit by a car driven by Verna Elaine Samuels.  The child and his sibling, D.K., were crossing the street after being released from school at Benji's when Samuels's car hit T.L.K.  The lawsuit alleged that Benji's failed to have a crossing guard or put into place other traffic safety steps necessary to allow the children to cross the street safely.  Other defendants are the City, based on allegations that the crossing was improperly marked or otherwise properly treated as a school zone, and Samuels, based on negligence in the operation of the vehicle.

## II.    The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.   Discussion

Texas rules of contract interpretation apply. *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001). Under Texas law, when faced with a coverage dispute, a court must give effect

to the intentions of the parties as expressed by the policy language. *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983). The terms used in the policy are given their plain, ordinary meaning, considering the policy as a whole, unless the policy itself shows that the parties intended the terms to have a different, technical meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984); *Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 274 (Tex. Civ. App.—Houston [1st Dist.] 2001, no pet. h.) ("[W]e construe the terms of the policy as a whole, and consider all of its terms, not in isolation, but within the context of the policy.").

The plain meaning of the absolute auto exclusion is that it excludes coverage for all claims that arise out of an automobile accident. The courts considering the exclusion have reached this conclusion. *See, e.g., Market Int'l Ins. Co. v. Urban, LLC,* Cause No. 5:08-cv-00160 (W.D. Tex. Nov. 20, 2008) ( granting declaratory judgment that an auto exclusion in a general liability policy issued to  bars precluded coverage for the death of a patron crossing the street between two bars); *Colony Ins. Co. v. Rudy's Bar & Grill*, No. CV074024573, 2007 WL 3380464, at *5–6 (Conn. Super. 2007) (similar facts; also holding that coverage was precluded whether the car was owned and operated by the insured or by third parties because it precluded coverage for bodily injury from "any auto.").

Based on the absolute auto exclusion and the allegations in the underlying lawsuit, there is no duty to defend. And because there are no facts that could be proven in the underlying suit that would create coverage, the record is sufficient to permit this court to conclude that Colony has no duty to indemnify Robinson for the claims in the underlying case. *See D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740 (Tex. 2009) ("While analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine, it is well settled that the 'facts actually

established in the underlying suit control the duty to indemnify.'" (quoting *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 656 (Tex. 2009)).

The corporate entities named as defendants in this suit did not appear through counsel. Because corporate entities may not proceed *pro se,* this court ordered the corporate defendants to appoint counsel who will file a notice of appearance no later than July 13, 2010, warning that if they failed to do so, they may face judgment by default. No such appearance has been ordered. Accordingly, default judgment is appropriate as to these defendants.

SIGNED on September 8, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge